IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
2010 FEB 10  PM 4: 50
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
       DEPUTY CLERK

BRIAN MCENERY & JOHN LOWRY,
    Plaintiffs

SA10CA0115 FB

v.                                         NO. _____

CITY OF SAN ANTONIO, FIRE CHIEF
CHARLES N. HOOD, INTERNATIONAL
ASSOCIATION OF FIRE FIGHTERS
LOCAL 624, CHRISTOPHER STEELE,
WALTER S. BOOTH, Ph.D., MILTON
FOX, ANDREW ESTRADA,
    Defendants

## PLAINTIFFS' ORIGINAL COMPLAINT AND APPLICATION FOR INJUNCTIVE RELIEF

TO THE HONORABLE JUDGE OF SAID COURT:

Now come BRIAN MCENERY and JOHN LOWRY, and file this, their Plaintiffs' Original Petition and Jury Demand, and for cause would show as follows:

**I. TEMPORARY RESTRAINING ORDER**

Plaintiffs are on the San Antonio Fire Department list of eligible captains from which promotions to District Chief are to be made for the year ending February 11, 2009. Attached in support are affidavits of plaintiffs Brian McEnery, John Lowery, and two other captains on said list, Eric Jones and Christopher Casals. Recent developments, as set forth in the affidavits of Jones and McEnery, have revealed a corrupt effort on the part of certain members of the fire department, named as defendants herein, to deny plaintiffs their right to promotion based on their abilities as demonstrated through a fair examination process. A temporary restraining order is necessary to

keep the list from expiring until a full hearing on the issues has been had. Notice has been given to the City's attorney, as it is the only party affected by this application at this time. Insufficient time has precluded giving notice to the other defendants.

## II. JURISDICTION

This court has subject matter jurisdiction of this lawsuit as there are federal questions raised by the causes of action; it has personal jurisdiction over the parties as they all are individual or corporate residents of the State of Texas, or have otherwise established minimum contacts with this state so as to comport with due process.

## III. VENUE

Bexar county is the proper venue for this lawsuit as all the predicate acts upon which all causes of action are based occurred within its boundaries.

## IV. PARTIES

    A.  Plaintiffs

        1. Brian McEnery (McEnery) is a captain in the San Antonio Fire Department and member of the International Association of Fire Fighters Local 624, and resides in Bexar County.

        2. John Lowery (Lowery) is a captain in the San Antonio Fire Department and member of the International Association of Fire Fighters Local 624, and resides in Bexar County.

    B.  Defendants

        1. City of San Antonio (City) is a municipality incorporated under the laws and constitution of the State of Texas, and may be served with process by serving its city clerk.

2. THE SAN ANTONIO FIRE AND POLICE CIVIL SERVICE COMMISSION, (Commission) is an organization incorporated under the laws and constitution of the State of Texas, and may be served with process by serving >>>. Service shall be by the Bexar County District Clerk, using certified mail, return receipt requested.

3. Fire Chief Charles N. Hood (Hood)  is an individual, sued in both his representative and his individual capacities, and may be personally served at his business address, SAFD, San Antonio, Texas.  Service shall be by private process.

4. International Association of Fire Fighters Local 624 (Local)  is a labor organization and may be served with process by serving its president Christopher Steele.   Service shall be by private process.

5. Christopher Steele (Steele), is an individual, sued in both his representative capacity as president of Local, and in his individual capacity, and may be personally served at his business address, IAFF Local 624, San Antonio, Texas. Service shall be by private process.

6. Walter S. Booth, Ph.D.,  (Booth), is an individual resident of the State of Texas.   Service shall be by private process.

7. Milton Fox (Fox), is an individual resident of the State of Texas, and may be personally served at his business address.   Service shall be by private process.

8. Andrew Estrada (Estrada), is an individual resident of the State of Texas, County of Bexar, and is sued in both his representative capacity as an officer of Local, and in his individual capacity, and may be personally served at his business

address. Service shall be by private process.

## V. FACTS

A. At all times material to this case, the Collective Bargaining Agreement (CBA), entered into between City and Local was in effect, subject to state laws contained in Chapters 143 and 174, Texas Local Government Code (TLGC), to the extent these state laws were not specifically preempted by the CBA.

B. On or about February 10, 2009, pursuant to the CBA, City conducted a promotional "written" exam of eligible captains of its fire department, among which were Plaintiffs. McEnery ranked second on the list, Lowery ranked tenth.

C. The CBA's Art. 32, Section 4, required that the promotional exam be conducted in two parts. The first part was a "written examination" covering the job duties of the district chief; the second part was an "assessment center process" which was not specifically designated to be an oral examination. Since the CBA did not specifically and expressly state that the assessment center process was to be an *oral* examination, certain requirements set forth in Section 143.032, TLGC, governed the examinations. Those requirements, which were not followed by the defendants, were that the exam had to be in writting, it had to cover the duties of the district chief, it had to be administered at the same time and with all candidates present, and it had to be scored in the presence of all candidates immediately after the exam. Without authority from either the CBA or the TLGC, defendants "selected" three persons to comprise the ACP board, and nominated the three parts: two oral (an oral resume and an oral presentation) and one "in-basket" (a derivation of a written exam). Defendants delegated the administration of this ACP to Booth. Prior to taking it, Hood met with the three board members to advise which of the candidates he wanted to make it to the top three slots overall.

D. Contrary to the TLGC's section 143.0__, all defendants conspired to and did, in fact, conduct oral exams in two out of the three parts of the assessment center process. The third part of the assessment center process, designated as "in-basket _____," had a written component, but such component was ignored and became tantamont to an oral exam. The assessment center process was a subterfuge which allowed the defendants to rearrange the candidates' scores in such a way as to guarantee that only those candidates who had proven themselves to be loyal adherents to the tenents of a secret religious sect, would be accorded the top scores so as to qualify for promotion into the district chief positions. This secret religious sect bestowed material benefits of a financial, social and professional nature on its members, at the expense of the dues-paying members of the Local who were entitled to have these benefits bestowed on themselves based on merit, rather than their secret religion.

E. After the assessment center process grades placed all but the "chosen few" into the top three places overall (based on the ACP and "written exam" combined), Plaintiffs appealed under the CBA's unique means to attack the ACP - using an expedited arbitration. Fox was directed to cause the arbitration to drag out until the end of the fiscal year, September 30, 2009, and he did so by ignoring the CBA's requirment that there be no post-submission briefs and that the decision be made within 30 days from the hearing. Fox ordered post-submission briefs and took over 120 days before issuing his ruling, against Plaintiffs, coinciding with the end of fiscal year 2009, and the passage of the ordinance by City which allows for two new district chief positions created in return for the vacation buy-back plan, at a huge detriment to Local members, without proper compensation.

## VI. CAUSES OF ACTION

Plaintiffs will amend immediately to provide additional notice of the relation between

facts to the following causes of action, but for now, identify by title the actions, incorporating by reference all the above facts and those attached hereto as exhibits A, B, and C.

    A.  **RICO**

    B.  **BREACH OF CBA**

    C.  **SET ASIDE ARBITRATION AWARD**

**PRAYER**

PREMISES CONSIDERED, Petitioner prays that after the hearing on this petition, the court will enter a temporary restraining order that freezes the SAFD's promotions of any captain to district chief, preserves the current list of captains eligible for promotion, and stops any attempts to test additional captains for any future list, and further general relief.

        Respectfully submitted,

        /s/ Ronald B. Prince
        RONALD B. PRINCE
        417 San Pedro Avenue
        San Antonio, Texas   78212
        Telephone:   (210)   227-7821
        Facsimile:   (210)   225-4469
        State Bar No. 16329300
        ATTORNEY FOR   PETITIONERS